UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUHL,

    Plaintiff,

v.

JOHN DOE et al.,

    Defendants.

Case No. 24-12192
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING IFP APPLICATION [6] AND PARTIALLY DISMISSING COMPLAINT [1]**

---

John Buhl filed this *pro se* lawsuit claiming his constitutional rights were violated when he was involuntarily committed to a psychiatric treatment facility and given "6–7 unknown substance injections." (ECF No. 1, PageID.4.) He sues Judge Linda Hallmark and unknown employees of the Oakland County Sheriff's Department, State Common Ground, and the Oakland County Commissioners.

**I. Application to Proceed In Forma Pauperis**

Along with his complaint, Buhl filed an application to proceed without prepaying fees or costs (ECF No. 6). Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment if the plaintiff demonstrates he cannot pay such fees. 28 U.S.C. § 1915(a)(1). Buhl is disabled, reports his income[1] as $450 per week, and represents that he has less than $300 in

---

[1] In response to question two, Buhl says he is not employed; but he also reports his wages as $27 per hour. (ECF No. 6, PageID.23.) Under "other income" Buhl notes that he receives only disability or worker's compensation payments. (*Id.*) So the Court

savings. (ECF No. 6, PageID.23–24.) He also reports $1,360 in monthly expenses, leaving him with a net income of $440 per month. (*Id.* at PageID.24.) In addition, Buhl notes that his mortgage is in foreclosure, his bills are being paid late, and he is overdue on his water bill. (*Id.*) So the Court finds that he is entitled to proceed in forma pauperis and grants his application.

## II. Legal Standard

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). And as part of its preliminary screening, the Court must also dismiss any defendants who are immune from suit for monetary damages. *See* 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b); *McGore*, 114 F.3d at 608.

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative

---

interprets this to mean his disability income is included within his listed wages of $450 per week, rather than in addition to any other income.

level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

And although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011)*; see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'").

To state a claim under 42 U.S.C. § 1983—the statute which allows a private right of action for constitutional violations—a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. Analysis

Buhl's allegations reveal that Judge Linda Hallmark is protected from this suit by absolute judicial immunity. Indeed, "[i]t is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *see also DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999) "Immunity from a § 1983 suit for money damages is no exception." *Id*. (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). There are two narrow exceptions to judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *DePiero*, 180 F.3d at 783. (internal citations omitted). Neither exception applies in this case because Buhl is attempting to sue Judge Hallmark for actions she took in connection with Buhl's civil commitment case. Even if, as Buhl contends, Judge Hallmark wrongly decided that he was a danger to himself or others and needed to be committed, she decided this question within the bounds of her judicial capacity and jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") So she is immune from Buhl's claims for damages.

Additionally, 42 U.S.C. § 1983 "explicitly immunizes judicial officers against suits for injunctive relief." *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006); *accord*

4

*Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir. 2005); *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). So Buhl cannot proceed against Judge Hallmark on his claims for injunctive relief either.

### IV. Conclusion

Accordingly, Buhl's application to proceed without prepayment of the filing fee and costs (ECF No. 6) is GRANTED. The Court SUMMARILY DISMISSES Buhl's claims against Judge Linda Hallmark. Buhl's remaining claims survive dismissal, but Buhl will obviously need to take some action to identify the Doe defendants so that they may be served with process.

SO ORDERED.

Dated: September 3, 2024

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE