UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUHL,

    Plaintiff,

v.

JOHN DOE et al.,

    Defendant.

Case No. 24-12192
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT [14] AND STRIKING SECOND AMENDED COMPLAINT [15]**

John Buhl filed this pro se lawsuit claiming his constitutional rights were violated when he was involuntarily committed to a psychiatric treatment facility and given "6–7 unknown substance injections." (ECF No. 1, PageID.4.) He sues Judge Linda Hallmark and unknown employees of the Oakland County Sheriff's Department, State Common Ground, and the Oakland County Commissioners.

On September 3, 2024, the Court issued an opinion dismissing Judge Linda Hallmark pursuant to 28 U.S.C. § 1915(e)(2)(B) because the Court determined she was entitled to judicial immunity. (ECF No. 7.) Buhl has now filed a motion for relief from judgment under Federal Rule of Civil Procedure 60, disagreeing with the Court's dismissal of Judge Hallmark. (ECF No. 14.)

But the Court has not entered a judgment. And contrary to what Buhl claims, the order granting his IFP application and partially dismissing his complaint is not a final order. (*See* ECF No. 14, PageID.54 ("[T]his Honorable United States District

Court Judge Abused [her] Discretion by issuing a substantially and factually erroneous 'Final Judgment Order' on facts/claims that were proven by this Plaintiff; That the Final Opinion completely conflicts with; and is in violation of clearly established Federal Case Law precedent as determined by the United States Supreme Court.").) An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). The Court's order dismissed Judge Hallmark from the case, but allowed Buhl to proceed on his claims against the unnamed defendants—or "John Does"—who work at Common Ground and the Commissioner's Office, Sheriff's Office, and Fugitive Apprehension Task Force in Oakland County. So his case still remains pending, the order is not a final order, and the appropriate motion would be a motion for reconsideration under the Eastern District of Michigan's Local Rule 7.1.

Local Rule 7.1(h) governs motions for reconsideration of non-final orders in this District. The rule makes clear that such motions are disfavored. E.D. Mich. LR 7.1(h)(2). They may only be brought in three circumstances: one, if "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision"; two, if there was an intervening change in controlling law, or; three, if new facts were discovered that could not have been discovered prior to the decision. E.D. Mich. LR 7.1(h)(2)(A)–(C).

2

Buhl argues the Court made a mistake. He says the Court's order dismissing Judge Hallmark was "in violation of clearly established case law precedence on Federal Law and US Constitution Rights as determined by the U.S. Supreme Court." (ECF No. 14, PageID.53.) Specifically, he says:

> Judge Linda Hallmark knowingly acted corruptly and maliciously without subject matter jurisdiction, and unlawfully issued a "Order For Examination/Transportation" based upon the The Defendant(s) Unknown Oakland Co Sheriff Dept fugitive Apprehension Task Force Deputies et al et al unlawfully filed a "Petition For Mental Health Treatment" for this Plaintiff to be unlawfully committed at Defendant Common Ground in Pontiac, for a psychological evaluation and being involuntary forced into non-consensual treatment/medication(ie, stripped nude, and involuntarily forced to approximately 6-7 unknown substance injections, etc) that was not supported/based upon by probable cause, or being a danger to self or the public. . . .
>
> Any layman in the area of law, or ones self-proclaiming to be experts "practicing law" should know. That Judges- are "not liable in civil actions for their judicial acts, even when such acts were in excess of their jurisdiction, 'unless, perhaps, when the acts in excess of jurisdiction are done maliciously or corruptly". But "A distinction must be here observed between excess of jurisdiction, and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible". See <u>Bradley v. Fisher</u>, 80 U.S. 335, 13 Wall. 335, 351-352, 20 L.Ed. 646 (1871). . . .
>
> The U.S. Supreme Court made it very very clear that: "The conduct of a judge surely does not become a 'judicial act' merely on his own say-so. A judge is not free, like a loose cannon, to inflict indiscriminate damage whenever he announces that he is acting in his judicial capacity". <u>STUMP V SPARKMAN</u>, 435 U.S. 349, 365; 98 S.Ct. 1099; 55 L.Ed.2d 331(1978). This is exactly what The Defendant Judge did as outlined in this Plaintiff's Compliant For Civil Action. Thus, The Defendant Judge is NOT entitled to any form of Judicial Immunity either, and this Plaintiff is entitled to full relief as matter of Federal Law. . . .
>
> Thus, This Plaintiff claims that since Defendant Judge completely acted Maliciously and Corruptly by failing to obtain Subject Matter Jurisdiction. That Defendant Judge should be held personally liable for

> acting outside both her judicial-capacities under the guise of the color of law to violate this Plaintiff's clearly established Federal Constitutional Rights to be completely stripped of any form of Judicial Immunity clearly established by the US Supreme Court in <u>Randall v. Brigham</u>, 7 Wall. 523, 537, 19 L.Ed. 285 (1869); <u>Bradley v. Fisher</u>, 80 U.S. 335, 13 Wall. 335, 351-352, 20 L.Ed. 646 (1871); <u>In Re Summers</u>, 325 U.S. 561, 65 S.Ct. 1307, 89 L.Ed. 1795 (1945); <u>Lynch v. Johnson</u>, 420 F.2d 818(6th Circuit, 1970); <u>STUMP V SPARKMAN</u>, 435 U.S. 349, 356; 98 S.Ct. 1099; 55 L.Ed.2d 331(1978).

(*Id.* at PageID.54–57). The Court understands Buhl to be alleging that Judge Hallmark ordered his civil commitment based on a false and/or unlawful petition filed by the Oakland County Sheriff's Department. And it appears that Buhl argues this means Judge Hallmark did not have jurisdiction over his case.

In Michigan, "[c]ivil commitment proceedings are governed by Chapter 4 of the Mental Health Code." *In re Londowski*, 986 N.W.2d 659, 664 (Mich. Ct. App. 2022) (citing *In re Portus*, 926 N.W.2d 33, 37 (Mich. Ct. App. 2018)); *see* Mich. Comp. Laws Ann. § 330.1400. A "probate court may order such treatment for an individual if that individual is found to be a 'person requiring treatment' . . . 'by clear and convincing evidence'" as defined by Michigan Compiled Laws Annotated § 330.1401. *Londowski*, 986 N.W.2d at 664 (*first quoting* Mich. Comp. Laws Ann. § 330.1468(2) *then quoting* Mich. Comp. Laws Ann. § 330.1465.) "[I]f the court finds that an individual is not a person requiring treatment, the court shall enter a finding to that effect . . ." Mich. Comp. Laws Ann. § 330.1468(1). But either way, once the Court receives a petition for civil commitment, the court must hold a hearing on the petition. Mich. Comp. Laws Ann. § 330.1452(1).

So once Judge Hallmark received the petition, she was required to adjudicate it. Doing so was required by Michigan law and squarely within her jurisdiction.

Buhl claims that she decided the petition wrongly and that the petition itself was flawed. Even if so, Judge Hallmark did not act without jurisdiction, so she is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'")

Several cases Buhl cites support this. For example, in *Bradley v. Fisher*, 80 U.S. 335 (1871), the Supreme Court extended judicial immunity to a judge who immediately struck an attorney from its rolls as a practicing attorney for rude and threatening comments the attorney made to the judge as he was stepping down from the bench. Even though, as the Supreme Court said, the attorney should have been given notice and an opportunity to be heard before being struck, the judge did not act in complete absence of jurisdiction because the court on which the judge sat "possessed the power to strike the name of the plaintiff from its rolls as a practicing attorney." *Id.* at 354. Even though the Court *disagreed* with what the judge did, they nonetheless found him entitled to judicial immunity. *Id.* at 357 ("[T]his erroneous manner in which its jurisdiction was exercised, however it may have affected the validity of the act, did not make the act any less a judicial act; nor did it render the defendant liable to answer in damages for it at the suit of the plaintiff, as though the court had proceeded without having any jurisdiction whatever over its attorneys.").

Likewise, in *Stump v. Sparkman*, 435 U.S. 349 (1978), the Supreme Court granted judicial immunity to a judge who ordered the sterilization of an intellectually disabled minor without her knowledge or consent. The Court held that, as a circuit court judge, he had broad jurisdiction over "all cases at law and in equity whatsoever," including estates, guardianships, and "all other causes, matters and proceedings where exclusive jurisdiction thereof is not conferred by law upon some other court, board or officer." *Id.* at 357. The Court reasoned that this included petitions for sterilization, which were allowed under Indiana law in certain circumstances. *Id.* at 358. Even recognizing the unfairness of his judgment and lack of "concern for the interests and well-being of the young girl involved" the Court nevertheless held that he was entitled to absolute immunity from a civil suit. *Id.* at 363; *id.* at 364 ("[U]nder the controlling cases, [the judge is] immune from damages liability even if his approval of the petition was in error.")

"[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356. In short, irrespective of whether Judge Hallmark erred in her decision, she is entitled to judicial immunity. So the Court did not make a mistake when it dismissed her from the suit.

Accordingly, the Court DENIES Buhl's motion for relief from judgment (ECF No. 14). The Court's previous order dismissing Judge Linda Hallmark (ECF No. 7) remains in effect, and any claims against Judge Hallmark in Buhl's amended complaint (ECF No. 13) are dismissed pursuant to that order.

Additionally, Buhl recently filed a second amended complaint (ECF No. 15) without seeking leave of court. Federal Rule of Civil Procedure 15 allows a party to "amend its pleading *once* as a matter of course." Fed. R. Civ. P. 15(a)(1) (emphasis added). Subsequent amendments are allowed only with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). So Buhl's second amended complaint is stricken. If Buhl wishes to amend his complaint again he will need to either seek leave from the Court or obtain the opposing party's consent after they have been served.

Indeed, the next step in the case is for Buhl to serve the Defendants with the operative complaint (ECF No. 13) and a copy of the summons. Before that can happen, however, Buhl must identify the defendants—or at least one defendant who is not immune from suit—by name so that the summonses can be issued and the complaint can be served. Simply identifying the work addresses of the John Doe defendants is not sufficient. It is not clear from any of Buhl's complaints which officers or employees at those addresses he is suing. Once Buhl is able to obtain this information, either on his own or through an attempt at pre-service discovery, he may file a motion for leave to amend to add the defendants with a copy of his proposed amended complaint attached as required by E.D. Michigan Local Rule 15.1.

**SO ORDERED.**

/s/ Laurie J. Michelson
Hon. Laurie J. Michelson
United States District Judge

Dated: October 3, 2024