UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUHL,

    Plaintiff,

v.

JOHN DOE et al.,

    Defendants.

Case No. 24-12192
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION FOR LEAVE TO AMEND [17]**

John Buhl filed this *pro se* lawsuit claiming his constitutional rights were violated when he was involuntarily committed to a psychiatric treatment facility and given "6–7 unknown substance injections." (ECF No. 1, PageID.4.) He sued Probate Court Judge Linda Hallmark and unknown employees of the Oakland County Sheriff's Department, State Common Ground, and the Oakland County Commissioners. The Court summarily dismissed Judge Hallmark since she was entitled to judicial immunity (ECF No. 7) and directed Buhl to identify the unknown defendants and amend the complaint to name those defendants so it could serve the complaint (ECF No. 16, PageID.79).

In his motion for leave to amend, Buhl states "in the herein Motion For Leave to Amend the Complaint For Civil Action he has identified and/or named parties that violated his clearly established Federal Civil Constitutional Rights that was not listed/named in original complaint filed by this PRO SE Plaintiff." (ECF No. 17,

PageID.80.) But he has not named anyone other than Judge Hallmark in this motion or proposed amended complaint. In fact, the proposed amended complaint seems nearly identical to the current operative complaint. (*Compare* ECF No. 17 *with* ECF No. 13.) So the Court sees no need to allow this proposed amendment.

But in his motion for leave to amend, Buhl also argues that "The Unknown Defendants must be processed/served under BIVEN V SIX UNKNOWN FED NARCOTIC AGENTS, 403 US 388 (1971)." (*Id.* at PageID.80–81.)

While it is true that courts sometimes serve unknown defendants, those limited cases tend to involve situations where there was sufficient information to identify the proper defendants. *See, e.g., Bivens v. Six Unknown Agents*, 403 U.S. 388, 390 n.2. (1971) ("The agents were not named in petitioner's complaint, and the District Court ordered that the complaint be served upon 'those federal agents who it is *indicated by the records* of the United States Attorney participated in the November 25, 1965, arrest of the [petitioner].' Five agents were ultimately served." (alteration in original) (emphasis added) (citations omitted)).  Here, Buhl has not provided such identifying information. He lists only dates that the alleged events occurred and addresses for the agencies the defendants work for. The Court needs more information than this. *See, e.g.. Sampy v. Unknown*, No. 23-0686, 2023 U.S. Dist. LEXIS 122654, at *5–6 (W.D. La. July 13, 2023) ("Plaintiff should amend to provide some way to identify the unknown defendants, including physical descriptions, partial names or nicknames, positions, date, time and/or specifics of the incident(s), or from duty rosters and personnel records, records available to the defendants'

2

representative. Once identified in some way, plaintiff should amend to comply with Rule 8 to provide a description of what actually occurred or what each defendant did to violate plaintiff's rights, the place and date(s) that each event occurred, and a description of the alleged injury sustained as a result of the alleged violation.").

It appears that Buhl is challenging the conduct of officers who petitioned the Oakland County Probate Court for his involuntary commitment. The names of those officers should be available to him in that probate case. For instance, Buhl should be able to contact the Oakland County Probate Court for a copy of his commitment petition, review that petition to identify the officers involved, and provide that information to the Court if those are the individuals he is seeking to sue. Additionally, Buhl can seek to serve non-party subpoenas on the relevant agencies (e.g., Oakland County Sheriff's Department, State Common Ground) with the dates and times of the alleged incidents to find out which officers/employees were on duty at the time the events occurred.

When Buhl is able to provide names or other specific identifying information about the unidentified Defendants, he may again move for leave to amend to add this information. Indeed, he will need to provide this information before the Doe defendants can be served. But for now, Buhl's motion for leave to amend his complaint (ECF No. 17) is DENIED.

SO ORDERED.

Dated: October 21, 2024

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE