UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUHL,

    Plaintiff,

v.

SGT. TANGUAY et al.,

    Defendants.

Case No. 24-12192
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND [22]**

John Buhl filed this *pro se* lawsuit claiming his constitutional rights were violated when he was involuntarily committed to a psychiatric treatment facility and given "6–7 unknown substance injections." (ECF No. 1, PageID.4.) He sues unknown employees of the Oakland County Sheriff's Department, the Oakland County Fugitive Apprehension Task Force, State Common Ground, and the Oakland County Commissioners. (ECF No. 13.)

After being repeatedly instructed to provide the names of defendants (*see* ECF Nos. 7, 16, 19, 21), Buhl has finally filed a motion to amend and a proposed amended complaint that includes a named defendant (ECF No. 22). So Buhl's motion to amend the complaint is GRANTED IN PART, and Sgt. Tanguay will be added as a defendant.

However, the other 19 defendants that Buhl names cannot be added to the complaint because such amendment would be futile.

In general, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). But leave to amend may be denied for "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, [or] lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019). A motion to amend is futile "where a proposed amendment would not survive a motion to dismiss." *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 329 (6th Cir. 2020); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000))).

It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific misconduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x. 188, 190 (6th Cir. 2004) (dismissing pro se complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) ("This Court has consistently held that damage claims against government officials arising from alleged violations

of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.") (citation omitted)

Buhl named all 19 commissioners of the Oakland County Board of Commissioners. (ECF No. 22, PageID.108); *see also Commissioners*, Oakland County Michigan, https://perma.cc/6Y3K-35F9. But in the rest of his complaint, he refers only to what "Unknown Oakland Co Commissioner's et al" did to violate his rights. (*See* ECF No. 22, PageID.109–111.) Buhl does not provide specific factual allegations as to which Commissioners violated his rights or how they did so. So his claims against them would not survive a motion to dismiss. Thus, Buhl's motion is DENIED IN PART, and David Woodward, Penny Luebs, Ann Erikson Gault, Brendan Johnson, Michael Spisz, Michael Gingell, Bob Hoffman, Karen Joliat, Angela Powell, Kristen Nelson, Marcia Gershenson, Christine Long, Phillip Weipert, Ajay Raman, Gwen Markham, William Miller, Yolanda Smith Charles, Linnie Taylor, and Charlie Cavell will not become named defendants at this time.

Lastly, Buhl mailed his motion to the Court in addition to filing it via pro se upload; this means that duplicate copies of his motion were docketed. (*See* ECF Nos. 22, 23.) The Court STRIKES the second copy of his motion. (ECF No. 23.)

SO ORDERED.

Date: December 6, 2024

s/ Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE