UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUHL,

    Plaintiff,

v.

SGT. TANGUAY et. al.,

    Defendants.

Case No. 24-12192
Honorable Laurie J. Michelson

**ORDER DENYING BUHL'S MOTIONS FOR RELIEF FROM JUDGMENT [27, 30] AND HIS MOTIONS TO AMEND [28, 29] AND CORRECTING PRIOR ORDER [25]**

John Buhl filed this pro se lawsuit claiming his constitutional rights were violated when he was involuntarily committed to a psychiatric treatment facility and given "6–7 unknown substance injections." (ECF No. 1, PageID.4.) He has now filed his fifth motion for leave to amend (*see* ECF Nos. 17, 20, 22, 28, 29) and his third motion for relief from judgment (*see* ECF Nos. 14, 27, 30).

On December 6, 2024, the Court granted in part Buhl's motion for leave to amend. (*See* ECF No. 25.) That meant the operative complaint became the one he filed on November 22, 2024, that named Sgt. Tanguay and all 19 Oakland County Commissioners. However, because Buhl did not provide specific allegations as to what each of the Commissioners individually did to violate his rights, the Court dismissed his claims against them. (*See* ECF No. 25, PageID.128–129.) In fact, his complaint alleges only that the Commissioners "violated and conspired [to] violate [Buhl's] Rights to Free Speech, Liberty, and deprive this Plaintiff of equal Protection Due

Process of Law." (ECF No. 22, PageID.111.) Such a bare legal assertion cannot survive screening. Liberally construed, he says he wrote letters to the Commissioners and then was committed; but he does not allege that a Commissioner caused him to be committed. His motions to amend (ECF Nos. 28, 29) do not cure this deficiency. Thus, his motions for leave to amend to add these 19 defendants back into the complaint are DENIED.

His motions for relief from judgment (ECF Nos. 27, 30) are meritless. As explained in the Court's prior order (ECF No. 16, PageID.73–74), no judgment has been entered in this case. Indeed, no defendant has even been served. And contrary to what Buhl claims, the Court has not entered any final order. An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). This case remains pending. Lastly, a motion for relief from judgment is not the proper vehicle for challenging a non-final order denying a motion to amend. *See* E.D. Mich. LR 7.1(h). Thus, Buhl's motions for relief from Judgment (ECF Nos. 27, 30) are DENIED and he is cautioned against filing further motions unless and until a final order or judgment is entered.

However, the Court erroneously terminated the "John Doe defendants" from the docket on December 6, 2024. The Court's order (ECF No. 25) only denied Buhl's motion for leave to amend to the extent he named Judge Linda Hallmark, who is

2

immune from suit, and all 19 Commissioners without providing factual allegations against them. So the Clerk of Court is hereby ORDERED to reinstate John Does 1-3, representing, Unknown Oakland County Sherriff Deputy (or Deputies), Unknown State Common Ground Employee(s), and Unknown Oakland County Sheriff Department Fugitive Apprehension Task Force Deputy (or Deputies) that Buhl alleges violated his rights by involuntarily committing him and giving him injections.

**SO ORDERED.**

/s/Laurie J. Michelson
Hon. Laurie J. Michelson
United States District Judge

Dated: January 7, 2025

3