UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUHL

Plaintiff,

v.

JOHN DOE, *et al*.,

Defendants.

Case No. 24-12192
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE DEFENDANTS'
ANSWER (ECF NOS. 41, 42)**

---

Plaintiff John Buhl sues defendants under 42 U.S.C. § 1983 alleging

violations of his constitutional rights.  ECF No. 22.  The Honorable Laurie J.

Michelson referred the case to the undersigned for all pretrial matters under

28 U.S.C. § 636(b)(1).  ECF No. 34.  Buhl moves to strike defendants'

answer to his complaint. ECF No. 41; ECF No. 42.[1]

Rule 8(b) provides that a party responding to a pleading must "state

in short and plain terms its defenses to each claim asserted against it" and

"admit or deny the allegations asserted against it[.]"  Fed. R. Civ. P 8(b)(1);

---

[1] Buhl moved to strike defendants answer at ECF No. 41. And he filed an
identical "amended motion" at ECF No. 42.

*Nationwide Prop. & Cas. Ins. Co. v. Brown*, 260 F. Supp. 3d 864, 877 (E.D. Mich. 2017).  A denial "must fairly respond to the substance of the allegation," and a failure to deny any allegation unrelated to the amount of damages equates to an admission.  Rule 8(b)(2); Rule 8(b)(6).  A party's statement that they lack knowledge or information sufficient to form a belief about the truth of an allegation has the effect of a denial.  Rule 8(b)(5). Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P 12(f).  And the federal rules define an answer as a pleading.  Fed. R. Civ. P 7(a).

Defendants' answer to Buhl's complaint is sufficient under Rule 8. Defendants responded to each paragraph in his complaint and either denied allegations or claimed that they lacked sufficient knowledge or information to answer.  ECF No. 39.  Buhl says that defendants answer is deficient because it was filed by defendants' attorney without "self-serving sworn affidavits from defendants' based on their personal knowledge." ECF No. 42, PageID.223.  But there is no requirement that defendants' sworn statements be filed with an answer to a complaint.  Buhl claims that defendants' answer should be stricken because it was filed in bad faith, asserts "a vague atypical third-party defense of lacking knowledge," and is

"subjective, misleading, and convoluted." *Id*. But he provides no additional information and cites no caselaw to support these allegations. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (cleaned up).

Thus, the Court **DENIES** Buhl's motions to strike defendants' answer (ECF Nos. 41, 42).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 27, 2025

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager

4