UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN BUHL,<br><br>    Plaintiff,<br><br>v.<br><br>Sgt. TANGUAY et al.,<br><br>    Defendants. | Case No. 24-12192<br>Honorable Laurie J. Michelson<br>Mag. Judge Elizabeth A. Stafford |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [56], DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT [57], AND SUA SPONTE DISMISSING CASE**

John Buhl filed this *pro se* lawsuit claiming his constitutional rights were violated when he was involuntarily committed to a psychiatric treatment facility and given "6–7 unknown substance injections." (ECF No. 1, PageID.4.) All pretrial matters were referred to Magistrate Judge Elizabeth A. Stafford. (ECF No. 34.) After several motions and an appeal, Buhl filed a Motion for Declaratory Judgment. (ECF No. 45.) Before the Court is Magistrate Judge Stafford's Report and Recommendation to deny that motion. (ECF No. 56.)

At the conclusion of the July 22, 2025, Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "fail[ure] to timely file specific objections" would mean "any further appeal is waived." (ECF No. 56, PageID.339.) Under Federal Rule of Civil Procedure 6(d), since Buhl

was served by mail, three days are added to the objection period. And the prison mailbox rule also applies, so Buhl's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Buhl may have mailed, it has now been more than 40 days since the Report was served on the parties. No timely objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 56.) It follows that Buhl's Motion for Declaratory Judgment (ECF No. 45) is DENIED.

2

The Court also takes this opportunity to note that Buhl has failed to respond to Magistrate Judge Stafford's show cause response directing him to show cause why his case should not be dismissed for failure to inform the Court of his current address. (ECF No. 58.) This is the second time Buhl has been warned that failure to promptly notify the Court of a change in his address could result in dismissal of the case. (*See* ECF No. 4.) Buhl was ordered to respond, in writing, no later than August 20, 2025. But that date has passed with no response from Buhl. Accordingly, Buhl's case is DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's orders.

IT IS SO ORDERED.

Dated: September 3, 2025

>                                    s/Laurie J. Michelson
>                                    LAURIE J. MICHELSON
>                                    United States District Judge